UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HENRY J. AUGUSTUS, IV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 07-188-JJB-DLD |
| | § | |
| MERCK & CO., INC., | § | |
| | § | |
| Defendant | § | |
| | § | |

## ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers the Complaint. Merck denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

### I. JURISDICTION AND VENUE

1.    The allegations of the first sentence of Paragraph 1 are conclusions of law to which no response is required. As to the remaining allegations of Paragraph 1, Merck admits that it is incorporated in and has its principal place of business in the State of New Jersey and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1. However, for jurisdictional purposes only, Merck admits that the amount in controversy exceeds $75,000.00.

2.    The allegations of the first sentence of Paragraph 2 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied. Merck is without knowledge as to what is meant by the phrase

"substantial business," so the allegations of the second sentence of Paragraph 2 are denied.

## II. PARTIES

3.     Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 3.

4.     Merck admits that it is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Merck admits further that its principal place of business is located at One Merck Drive, Whitehouse Station, New Jersey.     Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph 4.

5.     Merck admits that it is registered to do business in the State of Louisiana.

6.     Merck is without knowledge as to what is meant by the phrase "regularly transacted," so the allegations in Paragraph 6 are denied.

7.     Merck denies each and every allegation of Paragraph 7, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 7 inconsistent with that prescribing information and respectfully refers the Court to the Physician's Desk Reference ("PDR") for FOSAMAX® for its actual language and full text.

8.     Merck admits only that it distributed FOSAMAX® for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 8 inconsistent with that prescribing information. Merck respectfully refers the

Court to the PDR for FOSAMAX® for its actual language and full text. Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph 8.

9.      Merck is without knowledge as to what is meant by the phrase "substantial revenue" so the allegations in Paragraph 9 are denied.

10.     Merck is without knowledge as to what is meant by "consequences," so the allegations in Paragraph 10 are denied.

11.     Merck admits that Plaintiff purports to bring this action to recover damages and/or equitable relief, but denies there is any factual or legal basis for same. Except as expressly admitted herein, Merck denies the allegations of Paragraph 11.

12.     Merck admits only that it distributed FOSAMAX® for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 12 inconsistent with that prescribing information. Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph 12.

13.     Merck denies each and every allegation of Paragraph 13.

### III. SUMMARY OF THE CASE

14.     Merck denies each and every allegation in Paragraph 14, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information. Merck denies any allegation in Paragraph 14 inconsistent with that prescribing information and respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text.

15.     Merck denies each and every allegation of Paragraph 15.

16.     Merck denies each and every allegation of Paragraph 16.

17.    Merck denies each and every allegation of Paragraph 17.

18.    Merck denies each and every allegation of Paragraph 18.

## IV.  FACTUAL BACKGROUND

19.    Merck denies each and every allegation in Paragraph 19, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

20.    Merck denies each and every allegation in Paragraph 20, except that Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.    Merck denies any allegations in Paragraph 20 inconsistent with that prescribing information.

21.    Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 21 inconsistent with that prescribing information.  Merck is without knowledge as to the allegations regarding Aredia and Zometa in Paragraph 21.

22.    Merck admits only that some bisphosphonates contain nitrogen and some do not and that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.  Merck denies any allegations in Paragraph 22 inconsistent with that prescribing information.  Merck is without knowledge as to the allegations regarding Aredia, Bondronat, Didronel, Bonefos,

Loron, and Skelid. Merck respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text. Merck denies the remaining allegations in Paragraph 22.

23.     Merck denies each and every allegation of Paragraph 23.

24.     Merck denies each and every allegation of Paragraph 24.

25.     Merck denies each and every allegation of Paragraph 25.

26.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26.

27.     Merck denies each and every allegation of Paragraph 27.

28.     Merck denies each and every allegation of Paragraph 28.

29.     Merck denies each and every allegation of Paragraph 29.

30.     Merck denies each and every allegation of Paragraph 30.

31.     Merck denies each and every allegation in Paragraph 31, except that Merck admits that the FDA drafted an "ODS Postmarketing Safety Review," but respectfully refers the Court to said document for its actual language and full text.

32.     Merck denies each and every allegation of Paragraph 32.

33.     Merck denies each and every allegation of Paragraph 33.

34.     Merck denies each and every allegation of Paragraph 34.

35.     Merck denies each and every allegation of Paragraph 35, except that Merck admits that Fosamax product sales in 2005 amounted to approximately $3.19 billion.

36.     Merck is without knowledge as to whether Plaintiff used FOSAMAX®. Merck denies all remaining allegations of Paragraph 36.

37.     Merck denies each and every allegation of Paragraph 37.

38.    Merck is without knowledge as to whether Plaintiff was prescribed FOSAMAX®. Merck denies all remaining allegations of Paragraph 38.

39.    Merck denies each and every allegation of Paragraph 39.

40.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40.

41.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41.

42.    Merck denies each and every allegation of Paragraph 42.

43.    Merck denies each and every allegation of Paragraph 43.

44.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

45.    Merck denies each and every allegation of Paragraph 45.

46.    Merck denies each and every allegation of Paragraph 46.

47.    Merck denies each and every allegation of Paragraph 47.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION -- NEGLIGENCE

48.    Merck repleads its answers to Paragraphs 1 through and including 47, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

49.    The allegations in Paragraph 49 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

50.    Merck denies each and every allegation of Paragraph 50.

51.    Merck denies each and every allegation of Paragraph 51.

52.    Merck denies each and every allegation of Paragraph 52.

53.    Merck denies each and every allegation of Paragraph 53.

54.    Merck denies each and every allegation of Paragraph 54.

55.    Merck denies each and every allegation of Paragraph 55.

## SECOND CAUSE OF ACTION -- CONSTRUCTION OR COMPOSITION DEFECT UNDER LA.R.S. 9:2800.55

56.    Merck repleads its answers to Paragraphs 1 through and including 55, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

57.    Merck denies each and every allegation of Paragraph 57, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

58.    Merck denies each and every allegation of Paragraph 58.

59.    Merck denies each and every allegation of Paragraph 59.

## THIRD CAUSE OF ACTION -- DESIGN DEFECT UNDER LA.R.S. 9:2800.56

60.    Merck repleads its answers to Paragraphs 1 through and including 59, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

61.    Merck denies each and every allegation of Paragraph 60, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

62.    Merck denies each and every allegation of Paragraph 62.

63.    Merck denies each and every allegation of Paragraph 63.

64.    Merck denies each and every allegation of Paragraph 64.

## FOURTH CAUSE OF ACTION -- INADEQUATE WARNING
## UNDER LA.R.S. 9:2800:57

65.    Merck repleads its answers to Paragraphs 1 through and including 64, and
by this reference hereby incorporates the same herein in this paragraph, and makes the
same a part hereof as though fully set forth *verbatim*.

66.    Merck denies each and every allegation of Paragraph 66.

67.    Merck denies each and every allegation of Paragraph 67.

68.    Merck denies each and every allegation of Paragraph 68.

## FIFTH CAUSE OF ACTION -- BREACH OF EXPRESS WARRANTY
## UNDER LA.R.S. 9:2800.58

69.    Merck repleads its answers to Paragraphs 1 through and including 68, and
by this reference hereby incorporates the same herein in this paragraph, and makes the
same a part hereof as though fully set forth *verbatim*.

70.    Merck denies each and every allegation of Paragraph 70, and respectfully
refers the Court to the FDA-approved prescribing information for any and all
representations contained therein. Merck further avers that FOSAMAX® is a
prescription medication approved by the FDA for prescription in accordance with its
approved prescribing information.

71.    Merck denies each and every allegation of Paragraph 71.

72.    Merck denies each and every allegation of Paragraph 72.

73.    Merck lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations of Paragraph 73.

74.    Merck denies each and every allegation of Paragraph 74.

75.    Merck denies each and every allegation of Paragraph 75.

## SIXTH CAUSE OF ACTION -- BREACH OF IMPLIED WARRANTIES

76.    Merck repleads its answers to Paragraphs 1 through and including 75, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

77.    The allegations of Paragraph 77 are conclusions of law to which no response is required.  To the extent a response is required, Merck respectfully refers the Court to the identified section of the code for its actual language and full text.

78.    Merck denies each and every allegation of Paragraph 78, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

79.    Merck denies each and every allegation of Paragraph 79, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein. Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

80.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80.

81.    Merck denies each and every allegation of Paragraph 81.

82.    Merck denies each and every allegation of Paragraph 82.

83.    Merck denies each and every allegation of Paragraph 83.

### SEVENTH CAUSE OF ACTION – REDHIBITION

84.     Merck repleads its answers to Paragraphs 1 through and including 83, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

85.     Merck denies each and every allegation of Paragraph 85.

86.     Merck denies each and every allegation of the first sentence of Paragraph 86, except that Merck admits that it marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information. The allegations of the second sentence of Paragraph 86 are conclusions of law to which no response is required.  To the extent a response is required, Merck respectfully refers the Court to the identified section of the code for its actual language and full text. Merck denies all remaining allegations of Paragraph 86, including each and every allegation of the third and fourth sentences of Paragraph 86.

87.     Merck denies each and every allegation of Paragraph 87.

88.     Merck denies each and every allegation of Paragraph 88.

### EIGHTH CAUSE OF ACTION -- VIOLATION OF NEW JERSEY CONSUMER PROTECTION STATUTES

89.     Merck repleads its answers to Paragraphs 1 through and including 88, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

90.     The allegations of Paragraph 90 state a legal conclusion to which no response is required.  To the extent that a response is required, Merck respectfully refers the Court to the relevant legal standard and denies each and every allegation of Paragraph 90.

91.    Merck denies each and every allegation of Paragraph 91.

92.    Merck denies each and every allegation of Paragraph 92.

93.    The allegations of the first sentence of Paragraph 93 state a legal conclusion to which no response is required. To the extent that a response is required, Merck respectfully refers the Court to the relevant legal standard and denies each and every allegation of the first sentence of Paragraph 93. Merck denies each and every allegation of the second sentence of Paragraph 93.

94.    Merck denies each and every allegation of Paragraph 94.

95.    Merck denies each and every allegation of Paragraph 95.

96.    The allegations of Paragraph 96 state a legal conclusion to which no response is required. To the extent that a response is required, Merck respectfully refers the Court to the relevant legal standard and denies each and every allegation of Paragraph 96.

## CAUSE OF ACTION
## MEDICAL MONITORING AND NOTIFICATION PROGRAM

97.    Merck repleads its answers to Paragraphs 1 through and including 96, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

98.    Merck denies each and every allegation of Paragraph 98.

99.    Merck denies each and every allegation of the first sentence of Paragraph 99. The allegations of the second sentence of Paragraph 99 state a legal conclusion to which no response is required. To the extent that a response is required, Merck respectfully refers the Court to the relevant legal standard and denies each and every allegation of the second sentence of Paragraph 99.

## TENTH CAUSE OF ACTION -- UNJUST ENRICHMENT

100.    Merck repleads its answers to Paragraphs 1 through and including 99, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

101.    Merck denies each and every allegation of Paragraph 101.

102.    Merck denies each and every allegation of Paragraph 102.

103.    Merck denies each and every allegation of Paragraph 103.

104.    Merck denies each and every allegation of Paragraph 104.

## ELEVENTH CAUSE OF ACTION -- PUNITIVE DAMAGES

104.    Merck repleads its answers to Paragraphs 1 through and including 103, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

105.    Merck denies each and every allegation of Paragraph 105.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter. Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations, doctrine of prescription, and/or is otherwise untimely.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution and the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded

any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Louisiana Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed are barred under the doctrine of economic loss.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

### THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

### FORTIETH AFFIRMATIVE DEFENSE

The substantive law of Louisiana applies to Plaintiff's claim.

### FORTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act. La. Rev. Stat. § 9:2800.59(A).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Merck specifically denies that FOSAMAX®, or any product manufactured by Merck, was the cause of any harm to Plaintiff or that any Merck product was unreasonably dangerous under Louisiana law. Merck further would show that Plaintiff's sole and exclusive cause and right of action against Merck for alleged damages relating to a product manufactured by Merck arises under the Louisiana Products Liability Act, La. Rev. Stat. 2800.52, *et seq.*, and that Plaintiff has no cause or right of action against Merck under any other theory of liability, including but not limited to, negligence, strict liability, breach of warranty, fraudulent misrepresentation, fraudulent concealment, and/or punitive damages, as alleged in Plaintiff's Complaint.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Merck adopts and incorporates herein by reference all affirmative defenses set forth in the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.52, *et seq.*, not otherwise specifically set forth herein.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred. La. Rev. Stat. § 9:2800.51, et seq.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The asymptomatic plaintiffs lack standing because they have suffered no damages and no injury-in-fact.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for medical monitoring or compensation for medical monitoring.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Merck denies that Plaintiff used FOSAMAX® or any product manufactured by Merck as alleged in Plaintiff's Complaint.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts from which it can reasonably be inferred to the level of clear and convincing evidence proof that Merck acted with complete indifference to or conscious disregard for the safety of others.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under the applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages without proof of every element beyond a reasonable doubt would violate Merck's rights under the applicable state and federal constitutions.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence, any awards of punitive damages would violate Merck's due process rights guaranteed by the applicable state and federal constitutions.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the applicable state and federal constitutions.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive

damages that a jury may impose would violate Merck's due process rights guaranteed by the applicable state and federal constitutions.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by the applicable state law would violate Merck's due process rights guaranteed by the applicable state and federal constitutions.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff should not be afforded the right to a jury trial on her claim for punitive damages.

## SIXTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff has settled or will settle in the future with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Merck is entitled to a set-off or reduction in any damages which may be awarded to the Plaintiff for any amounts received from collateral sources.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred in whole or in part due to spoliation of evidence.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

Merck would show that at the time of the occurrences or injuries alleged by Plaintiff, FOSAMAX® was not defective or unreasonably dangerous in its design, manufacture, or marketing, and it was at all times reasonably safe and reasonably fit for its intended use. Merck would further show that the warnings and instructions accompanying FOSAMAX® were legally adequate warnings and instructions.

---

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,

Taylor, Porter, Brooks & Phillips L.L.P.

By: 

Erick Y. Miyagi #22533
William H. L. Kaufman #29929
451 Florida St., 8th Floor
Chase Tower South
P. O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Telecopy: (225) 346-8049 (fax)

ATTORNEYS FOR MERCK & CO., INC.

OF COUNSEL:

Richard L. Josephson
Texas State Bar No. 11031500
W. Zachary Hughes
Texas State Bar No. 24032441
BAKER, BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-1234
Telecopy: (713) 229-1522

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Philip Bohrer and Scott E. Brady by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this _13TH_ day of April, 2007.

William H. L. Kaufman